Corrected

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

16 JUL -1 PM 3: 55

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CASE NO: 3:16-CV-247-DJH

KASHIYA NWANGUMA, ET AL.

    PLAINTIFFS,

vs.

DONALD J. TRUMP, ET AL.,

    DEFENDANTS

### REPLY OF DEFENDANT MATTHEW WARREN HEIMBACH TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE PORTIONS OF VERIFIED COMPLAINT BY DEFENDANT MATTHEW WARREN HEIMBACH

(Fed. Rule Civ. Pro. 12(f))

DEFENDANT MATTHEW WARREN HEIMBACH ("HEIMBACH") submits the following REPLY to the RESPONSE TO DEFENDANT'S Motion to Strike specified matters in the VERIFIED COMPLAINT pursuant to F. R. Civ. Pro. 12(f).

I    INTRODUCTION

PLAINTIFFS oppose HEIMBACH'S Motion to Strike certain designated paragraphs of their VERIFIED COMPLAINT on the grounds that:

    (a)    HEIMBACH'S motion is untimely; and,

(b) HEIMBACH has failed to meet his burden of proof by showing the allegations are immaterial, impertinent or scandalous;

None of PLAINTIFFS' points are well taken, as more specifically set forth below.

## II    HEIMBACH'S MOTION TO STRIKE WAS TIMELY

On or about May 11, 2016, HEIMBACH filed his Joint Notice of Consent To Remove.

Thereafter, HEIMBACH was served by the parties in this Case with an Order of Extension of Time setting forth the response date as May 20, 2016. HEIMBACH relied on that ORDER and filed his Motion to Strike on the day indicated on the Order as the appropriate date. A true and correct copy of the Order served on HEIMBACH is attached hereto.

It should be noted that PLAINTIFFS do not object to the filing of this Motion on the grounds of "prejudice" because it was not filed on May 19, 2016, but on May 20, 2016 in accordance with the foregoing order. They argue based purely on a technicality.

It would be contrary to the letter and spirit of the law to penalize HEIMBACH for reliance on an order of this Court. F. R. Civ. P., *1* says:

> "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure *the just, speedy, and inexpensive determination of every action and proceeding.*
>
> (Emphasis added)

2

It is contrary to the spirit of the Federal Rules of Civil Procedure for decision on merits to be avoided on the basis of mere technicalities. Forman v. Davis 83 S. Ct. 227 (1962)

## III    HEIMBACH HAS MET HIS BURDEN OF PROOF AND HAS ESTABLISHED THE PREJUDICIAL NATURE OF IMMATERIAL, IMPERTINENT AND SCANDALOUS ALLEGATIONS

HEIMBACH'S motion to strike under F. R. Civ. P. 12(f) was based on grounds that the subject allegations against him were immaterial, impertinent, and in some cases, scandalous. Indeed, most of the actions alleged were constitutionally protected 1st Amendment activities and speech such as in ¶ 5 (His political affiliation with the Traditionalist Worker Party); ¶ 7 (Statements by him regarding the candidacy of TRUMP); ¶ 8 (Actively engaged in recruiting for his political party); ¶ 54 (Wearing a Traditional Worker Party t-shirt); ¶ 67 (Going to the Trump rally to recruit for the Traditionalist Worker Party); and ¶ 72 (Stating in a radio interview that he was going to avoid attending future Trump rallies).

Other allegations regard third parties and statements they have made about him, such as in ¶ 4 which alleges that the SPLC has described him as "the face of a new generation of white nationalists"; and ¶ 6 which alleges that he has been banned from entering the United Kingdom.

Finally, other allegations regard statements by unidentified third parties with whom no affilation with him is even alleged, and that, in ¶ 40 they called Plaintiff Newanguma a "nigger" and a "cunt" during the rally; and in ¶ 41 which alleges that "Nwanguma heard a

3

number of other racial and ethnic slurs used by Trump's supporters at the rally."

Last but not least, HEIMBACH moved to strike ¶¶1, 2 on the grounds that they are rhetorical flourish, the first a quote by the now deceased Ronald Reagan and the second an academic, philosophical reflection of how the candidacy of TRUMP reflects a departure from the traditional history of political campaigning. Neither of these two gratuitous statements have anything to do with this case whatsoever. Neither is an element of a claim or of a defense. They are merely matters of political, historical and philosophical opinion. Unfortunately, if not stricken, they will cause the consumption of expense, time and judicial resources, as more specifically set forth below.

It must be noted that this is a diversity case that was "removed" to this US District Court from the Kentucky state court on the grounds of diversity of citizenship. That means that the Erie Doctrine applies. Erie is a fundamental legal doctrine of civil procedure in the United States which mandates that a federal court sitting in diversity jurisdiction (or in general, when hearing state law claims in contexts like supplemental jurisdiction or adversarial proceedings in bankruptcy) must apply state substantive law to resolve claims under state law. Erie Railroad Co. v. Tompkins (1938) 304 U.S. 64.

HEIMBACH has been sued for assault and battery under Kentucky law and the elements of those torts and the defenses thereto are supplied by Kentucky law which is binding on this Court under the Erie Doctrine.

In Kentucky, "civil battery" is defined as any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him. Barnette v. Grizzley Processing, LLC 809 F. Supp.2d 636. (E.D.Ky. 2011).

Under Kentucky law, "assault" is a tort which merely requires the threat of unwanted touching of the plaintiff. <u>Woosley v. City of Paris</u> 591 F. Supp.23d 913 (E.D. Ky. 2008).

Under Kentucky law, defenses to battery and assault include exercise of authority, consent, provocation, self-defense, defense of another and defense of property.

None of the allegations set forth in any of the subject paragraphs provide any element of a claim or defense in this case. The issue tendered by ¶ 2, that the Trump candidacy represents a departure from history, is absolutely unrelated to any claim or defense. It is a matter of pure academic, hypothetical and possibly political significance. It must be repeated, HEIMBACH is being tried for torts, not for heresy, political correctness or political deviation.

The gist of the allegations is that HEIMBACH is guilty of "racism, religious intolerance, misogyny, or any combination of the three." (¶ 2).

PLAINTIFFS also allege that he is a member of a "recognized hate group", but they do not say by whom it is recognized. The point of these allegations is to smear HEIMBACH and to force him to expend substantial resources in preparing for and in trying this case not in the defense of the simple tort claims brought against him, but in defending himself against a modern form of heresy or political correctness. PLAINTIFFS seek to shift the burden of proof from themselves on their tort claims to HEIMBACH to prove that he is not a heretic. The 1st Amendment belongs to everyone, not just to "minority" protestors who proclaim their 1st Amendment rights to attend a Trump Rally with a poster with TRUMP's head on the body of a pig. (See VERIFIED COMPLAINT at

5

¶ 44).

PLAINTIFFS repeat the oft cited platitude that Motions to Strike are disfavored, but it should be noted there is nothing in the Federal Rules of Civil Procedure which provides the legal base that actually says that. Nor do PLAINTIFFS cite any United States Supreme Court authority for that proposition.

Under federal statute, the supreme court has the power to prescribe general rules of practice and procedure for cases in the United States District Court pursuant to the Rules Enabling Act, 28 U.S.C. § 2072(a). Rules of practice and procedure may not enlarge, abridge or modify any substantive right.

That being said, it is well settled that a motion to strike IS NOT DISFAVORED where the motion removes "unnecessary clutter" from the litigation. Sun Lite Assur. Co. of Canada v. Great Lakes Business Credit LLC (N.D. Il (2013) 968 F.Supp 2d 898, 902. Granting a F. R. Civ. P. 12 (f) motion to strike is proper if it will make the trial less complicated or eliminate serious risks of prejudice to the moving party, delay or confusion of the issues. Fantasy Inc. V. Fogerty (9th Cir. 1993) 984 F.2d 1524, 1527. Also, Sliger v. Prospect Mortgage E.D. Cal. 2011 789 F. Supp.2d 1212, 1216.

It is proper to strike allegations under F. R. Civ. P. 8 in order to avoid expenditures of time, money caused by spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co. (9th Cir. 1983) 697 F.2d 880, 885.

///

///

## IV  PLAINITFFS' AUTHORITIES DO NOT SUPPORT THEIR CONTENTIONS

PLAINTIFFS do not deny that they seek to smear HEIMBACH as a "racist" and a "hater", etc., and to force him to defend his constitutionally protected political beliefs, opinions and constitutionally protected political activism rather than to defend against the actual torts being brought against him.

PLAINTIFFS argue, without any applicable legal authority, that HEIMBACH'S *prior personal and political history of activism and speech*, separate and apart from any involvement or acts on the day in question, are properly plead as supplying "background or historical material." Unfortunately for PLAINTIFFS, not one of the many cases they cite supports their position. Rather, all of their authorities stand for the proposition that alllegations of *prior acts of misconduct or acts that constitute a cause of action* may be plead to provide background or historical context of the case.

In the instant case, however, none of the so called "background" or "historical" actions or opinions by HEIMBACH constitute wrongdoing or are in any way related to the allegations of assault and battery against him, being brought under Kentucky state law.

All of HEIMBACH's expressed political, historical and racial opinions are constitutionally protected free speech. All of HEIMBACH's political activism alleged in the VERIFIED COMPLAINT, such as attending a rally, wearing a t-shirt and attempting to recruit new members, are constitutionally protected activities. As a matter of law, none of these constitutionally protected speeches, writings, associations or recruiting acts are "wrongful" or tortious.

7

It is undisputed that none of the PLAINTIFFS ever met or had any contact with HEIMBACH either before or after the day in question. There is no history of dealings or interactions between them whatsoever.

All of the authorities on which PLAINTIFFS rely refer to "background" and "historical" allegations that constitute either elements of causes of action pled or constitute prior acts of "wrongdoing," as more specifically set forth below.

<u>Brown & Williamson Tobacco Corp. v. U.S.</u> 201 F.2d 819, 820 (6th Cir. 1953) involved federal claims for excessive profits in connection with wartime contracts with the government and allegations of past contractual dealings between the parties to the case were held appropriate and not subject to strike.

<u>Wrench LLC v. Taco Bell Corp</u> 56 F.Supp.2d 787, 789, (W.D. Mich. 1998) was a complicated copyright case where the court granted the defendants' motion to strike the unjust enrichment and conversion claims on the ground of preemption.

<u>U.S. v. Am Electric Power Ser. Corp.</u> 281 F. Supp.2d 9231, 935 (2002) was a Clean Air Act case in which the court granted defendant's motion to strike the affirmative defense of Unclean Hands.

In <u>Vakharia v. Little Co. Of Mary Hosp. & Health Care</u> 2 F.Supp.2d 1028, 1033 (1998) an Asian anesthesiologist ambitiously sued for civil rights violations and racial discrimination claims and the Court refused to strike allegations regarding staffing and scheduling doctors on the grounds that the history of alleged "wrongdoing" was potentially relevant to his case.

In <u>Judicial Watch v. U.S. Dept. Commerce</u> 225 F.R.D. 261, 264 (2004) the court

struck affidavits filed in the case on the grounds they were made without personal knowledge by the witnesses. These were evidentiary rulings that had nothing to do with striking pleading as in the instant case.

Pessin v. Keenland Ass'n 45 F.R.D. 10, 13 (1968) was an anti-trust case in which the court declined to strike allegations involving "prior wrongdoing."

Canadian Ingersoll-Rand Co. V. D. Loveman & Sons, Inc. 227 F.Supp 829, 831, (1964) was a diversity case alleging fiduciary fraud against defendants in which the court declined to strike allegations of (1) the facts of the discovery of the fraud in issue in the case and (2) the actual fraudulent actions of the agent against his principal. It is obvious that fraudulent actions and their discovery are central do an action based on claims for fraud.

In Lundy v. Town of Brighton 521 F. Supp.2d 259, 265 (2007) the court refused to strike allegations regarding prior wrongful acts of discrimination and unfair labor practices on the grounds that the instant case grew out of them and the history of prior wrongful acts had potential relevance, history and background.

Vanden Bosch v. Bayer Healthcare Pharms. Inc., 13 F.2upp. 3d 730, 752 (W.D. Ky. 2014) was a diversity case based on allegations of Medical malpractice, products liability case based injuries sustained after placement and use of Defendant's IUD. Motions to dismiss and strike granted in part and denied in part: Defendant moved to strike allegations of violations of federal law on grounds that they were "vague" and that no damages were deemed to be caused by them. The court stated:

9

"Bayer does not argue that the allegations are immaterial, impertinent, or scandalous. Further, Bayer does not appear to argue that the allegations are redundant. Instead, Bayer argues that the allegations must be stricken because they are vague. As a rule, motions to strike are "typically denied unless the allegations at issue do not relate to the subject matter of the action and may cause 'significant prejudice' to one or more of the parties." Id. Here, the allegations relate to the subject matter of the action and will not cause "significant prejudice" to Bayer if they remain. Therefore, the Court holds that Bayer's motion to strike is denied."

In the instant case, however, HEIMBACH does argue that the allegations are impertinent, immaterial and scandalous, as set forth above and in his moving papers.

LeDuc v. Kentucky Cent. Life Ins Co. 814 F. Supp. 830 (N.D. Cal. 1992) alleged RICO, fraud, violations of Cal law, etc. Defendant's motion to strike allegations worded in the form of a question rather than as a statement was denied because "the disputed language is part of a longer allegation that cites specific acts of misconduct by the board." Here the "specific acts of misconduct." alleged were fraudulent investment practices, a scheme to defraud, RICO and statutory violations. In the instant case, PLAINTIFFS have not alleged any "acts of misconduct" against HEIMBACH prior to the day of the rally, which was the first time they ever heard of him or had any contact with him.

Fuchs Sugars & Syrups, Inc. V. Amstar Corp 402 F. Supp. 636, 637-638 (S.D.N.Y. 1975) was an anti-trust action in which Plaintiff tried to rely on a 1934 decree in a prior action. The court allowed it because the 40 year old decree referenced prior acts of misconduct by the party.

Bloombury Woolen Co. V. Moosehead Woolen Mills 109 F. Supp. 804, 806 (D. Me. 1953) dealt with a Bill of Particulars that set forth details of the long history of dealings between parties whose business relationships went way back, so to speak. In the instant case, there is no history of dealings between HEIMBACH and the PLAINTIFFS who encountered him for the first and only time on the day in question.

Augustus v. Bd. Of Pub. Instruction (5th Cir. 1962) 206 F. 2d 862, 868 was an action for a plan to desegregate public schools based on allegations that the defendant had maintained racially segregated schools. Predictably, the court refused to strike allegations of racial discrimination and segregation which went directly to elements of the legal and factual disputes before the court. This case has no relevance to the instant case involving HEIMBACH, who does not seek to strike any allegation of wrongdoing against him, but only allegations of his constitutionally protected 1st Amendment activities.

Makaeff v. Trump University, LLC 2011 U.S.D.C. (S.D. Cal) is attached to PLAINTIFF's opposing papers and shows the court declined to strike allegations of alleged "targeting" of elderly consumers on the grounds that these were prior acts of wrongdoing that might be relevant, even after the dismissal of the Elder Abuse claims. Again, these are allegations of "prior" acts of wrongdoing, none of which are alleged in the instant case against HEIMBACH.

PLAINTIFFS cite U.S. v. Beasley 72 F3d 1518, 1527 for the proposition that they can offer evidence of HEIMBACH'S political beliefs because the Beasley court allowed admission of the criminal defendant's religious beliefs. This was an evidentiary ruling in a criminal case, not a motion to strike pleadings in a civil case. It turned on the Court's

interpretation of F. Rule Ev. 610, which precludes evidence of religious belief either to establish or to attack credibility. Defendant was running a religious cult whose practices consisted of murder, drug dealing, extortion, etc, which were carried out under the guise of a religion. The prior actions were crimes. Even PLAINTIFFS do not allege that HEIMBACH's constitutionally protected 1st Amendment opinions, speeches and activism are crimes. Beasley has no application here.

Lipsky v. Commonwealth United Corp. 551 F.2d 887, 893 (2nd Cir. 1976) was an action by the executor of the estate of the late entertainer and movie star Bobby Darin, based on allegations of securities mismanagement, fraud, etc.. The court granted defendants Motion to strike certain parts of the complaint on the technical grounds that consent decrees and nolo pleas were inadmissible as a matter of law under F. R. Ev. 410. This case has no relevance to the instant matter. It is doubtful that PLAINTIFFS even read it before citing it. It has no relevance to this motion.

Likewise, in Atlantic City Electric Company v. Gen. Electric Co. 207 F. Supp. 620, 624 (S.D.N.Y. 1962) defendants in 418 anti-trust actions join in three motions to strike and the following matters were stricken:

(a) references to pleas of nolo and judgments entered on pleas of nolo; a complaint shall be regarded as containing instead of such stricken references statements of when the criminal action was begun and terminated, if no such averments appear in the complaint;

(b) references to sentences imposed;

© references to the indictments in any complaint naming only defendants who pleaded nolo or who were not indicted. If any such defendant is named as a defendant in a

complaint naming one or more other defendants who pleaded guilty, references to the indictment shall be deemed to apply only to the defendant or defendants who pleaded guilty;

(d) Allegations that defendants were guilty of the charges set forth in indictments or, by their pleas, admitted such guilt, insofar as they refer to any defendant who did not plead guilty. If any such defendant is named as a defendant in a complaint naming one or more other defendants who pleaded guilty, the allegations shall be deemed to refer only to the defendant or defendants who pleaded guilty.

The allegations allowed to remain set forth allegations of actual misconduct upon which the lawsuits were based and other prior acts of misconduct. This case, like most of the others, has no plausible application to the instant case. It is unlikely that PLAINTIFFS even read it before citing it.

## V PLAINTIFFS SEEK TO FORCE HEIMBACH TO DEFEND HIS CONSTITUTIONALLY PROTECTED POLITICAL BELIEFS

PLAINTIFFS argue that HEIMBACH's constitutionally protected 1st Amendment opinions, speeches and activism are evidence of "malice" for purposes of punitive damages. The brief quotes from HEIMBACH evince no such animosity or intent to harm or advocacy of harm. Rather, as PLAINTIFFS acknowledge, the worst thing HEIMBACH advocates is racial separation and opposition to interracial marriage.

Abraham Lincoln was attacked for his opposition to slavery as someone who advocated "amalgamation" of the races. He famously replied, "The fact that I do not want

13

a Negro [sic] woman as a slave does not mean I want her as a wife."

Today, more than 150 years after slavery was ended it could just as easily be said that just because HEIMBACH does not want PLAINTIFF Nwanguma as a wife, does not mean that he wants her as a slave or wishes any misfortune to befall her whatsoever. The two issues are unrelated.

PLAINTIFFS have included the immaterial, impertinent and scandalous allegations of "racism, misogyny, religious intolerance, blah, blah, blah" against HEIMBACH to smear him and force him to defend a trial for heresy in addition to a trial for the garden variety torts of assault and battery. This misuse of the civil process, this violation of F. R. Civ. P. 8 is the reason the motion to strike procedure was promulgated by the U.S. Supreme Court in F. R. Civ. P. 12(f).

## VI    CONCLUSION

HEIMBACH has met his burden of proof. Neither he nor this court should be forced to spend time, money and judicial resources litigating the issue of whether or not the Trump candidacy is consistent with or a departure from the traditions of American politics, or any of the other irrelevant and gratuitous allegations are true.

HEIMBACH's motion should be granted in its entirety.

DATED:     June 27, 2016

                                                       MATTHEW WARREN HEIMBACH,
                                                     Defendant Pro Se
                                                     222 Mable Street, Apt. 2
                                                     Paoli, IN 47454
                                                     Ph.:     301-525-1474
                                                     matthew.w.heimbach@gmail.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**KASHIYA NWANGUMA, ET AL.** CASE NO. [illegible]

**PLAINTIFFS,**

**v.**

**DONALD J. TRUMP, ET AL.,**

**DEFENDANTS.**

***Electronically Filed***
*** *** ***

**<u>AGREED ORDER OF EXTENSION OF TIME</u>**

Comes the Plaintiffs, Kashiya Nwanguma, Molly Shah and Henry Brousseau and [illegible] Defendants, Donald J. Trump, individually, Donald J. Trump for President, Inc. and Mr. Bamberger, by their respective counsel, and hereby agree that the time for filing responsive pleadings, be and hereby is extended to up to and including May 20, 2016.

JUDGE

HAVE SEEN AND AGREED BY:

/s/ Daniel J. Canon
*By R. Kent Westberry With Permission*
Daniel J. Canon, PSC

CERTIFICATE OF SERVICE

I, B. Heimbach, certify that a true and correct copy of the above REPLY OF DEFENDANT MATTHEW WARREN HEIMBACH TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE PORTIONS OF VERIFIED COMPLAINT BY DEFENDANT MATTHEW WARREN HEIMBACH was served via US Mail, postage pre paid, addressed to the following parties/counsel, on this _____ day of June, 2016, as follows:

Daniel J. Cannon, PSC
David N. Ward
CLAY DANIEL WALTON & ADAMS, PLC
101 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202
dan@justiceky.com
david@justiceky.com
Counsel for Plaintiffs

Stephen B. Pence
PENCE & OGBURN, PLLC
Hurstbourne Place, Suite 1205
9300 Shellbyville Road
Louisville, KY 40222
Ph.   (502) 589-7616
Fx:   (502) 736-6205
steve.pence@penceogburn.com
Counsel for Defendant
Alvin Bamberger

Gregory A. Belzley
Camille Bathurst
BELZLEY BATHURST ATTORNEYS
P.O. Box 278
Prospect, KY 40059
gbelzley@aol.com
Counsel for Plaintiffs

R. Kent Westberry
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louiville, KY 40202-1395
kwestberry@landrumshouse.com
COUNSEL FOR DEFENDANT
Donald J. Trump for President, Inc. and
Donald J. Trump

_____
B. Heimbach