UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| KASHIYA NWANGUMA, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16cv-247-DJH |
| | ) | |
| DONALD J. TRUMP, et al. | ) | *Electronically filed* |
| | ) | |
| Defendants | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
ALVIN BAMBERGER'S MOTION TO DISMISS**

The Defendant, Alvin Bamberger (Bamberger), sought dismissal of Plaintiffs' complaint, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. He pointed out that, in their 125-paragraph complaint, two of the three Plaintiffs said nothing about Bamberger or his actions; the third said little more than that Bamberger pushed and struck her — without causing injury — as she exited the scene; and much of the complaint refers generically to actions by the "plaintiffs" against the "defendants," when it is clear that individual plaintiffs had specific interactions with individual defendants. Because this set of facts was inadequate to state a plausible claim against Bamberger, he asked the Court to grant his motion to dismiss.

In their collective response, the Plaintiffs "concede that only Plaintiff Nwanguma makes direct allegations against Defendant Bamberger." [Response to Bamberger Motion to Dismiss (Dism. Resp.) at 1.] This is enough to grant the vast bulk of Bamberger's Rule 12(b)(6) motion. Plaintiff Molly Shah asserted six causes of action, at least three of which (Count I: Battery; Count II: Assault; Count VI: Punitive Damages)

she asserted against Bamberger. Her admission that she makes no direct allegations against Bamberger requires dismissal of any complaint she has against him. Similarly, Plaintiff Henry Brousseau asserted the same causes of action; his admission that he makes no direct allegations against Bamberger requires dismissal of any complaint he has against him.

That leaves only Plaintiff Kashiya Nwanguma's (Nwanguma) claims. She makes the same six claims as her co-plaintiffs. But three of those claims (Count III: Incitement; Count IV: Agency/Vicarious Liability; Count V: Negligence, Gross Negligence, and Recklessness) apply only to the Trump Defendants. Nwanguma asserts, in essence, that the Trump Defendants are liable for the conduct of the individual defendants because the Trump Defendants incited the individuals to act as they did, the individuals acted as Trump agents, and/or the Trump Defendants were negligent in their efforts to control individual conduct. None of these three claims asserts a cause of action against Bamberger. And a fourth claim (Count VI: Punitive Damages) fails as a matter of law, because punitive damages are not a freestanding legal claim; they are an element of relief awarded to successful litigants in some tort cases. *See, e.g., Kroger Co. v. Willgruber*, 920 S.W.2d 61, 68 (Ky. 1996) (discussing when punitive damages are appropriate as an element of damages). Nwanguma thus has no basis for proceeding on four of her six claims.

That leaves only two of the eighteen pled claims: Nwanguma's assault and battery claims against Bamberger. Construed favorably to Nwanguma, as it must be, the complaint might suffice to state those tort claims against Bamberger. But, as Bamberger detailed in his opening brief, the complaint suffers from two key defects. First, most of

the "facts" on which Nwanguma relies [*see* Dism. Resp. at 3-4] are hopelessly generic; all three plaintiffs assert that all four named defendants (and the unnamed defendants) committed tortious acts. Two of the three plaintiffs now admit that they have no claim against Bamberger, and it is clear that Nwanguma asserts some of her claims solely against other defendants. As a matter of logic and linguistics, the statement that "all Defendants did $x$ and $y$ to all Plaintiffs" includes the statement that "Defendant Z did $x$ to Plaintiff A." But when it is clear (as it is here) that some plaintiffs make no assertions about some defendants, and that each plaintiff asserts only some claims against some defendants and other claims against other defendants — that is, *no* plaintiff asserts all claims against any defendant, and *no* defendant is alleged to be liable for all claims, — the introductory statement is hopelessly overbroad. And that hopeless overbreadth is facially insufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Second, even to the extent that they allege specific facts involving Bamberger, Nwanguma's assault and battery claims are facially defective. "Assault is a tort which … requires the *threat* of unwanted touching …" *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky App. 2001) (emphasis added). Because Nwanguma has not pled any such threat — that is, because her complaint fails to allege facts sufficient to state a key element of the tort, — she has failed to make a plausible claim of assault. *Twombly*, 550 U.S. at 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] And both her assault and battery claims fail to allege any injury. As Bamberger stated in his opening brief, Nwanguma's complaint

---

[1] To make the point clear: someone who charges at a victim and punches her may well have committed an assault and a battery, first by threatening physical harm, and second by inflicting it. But that same person who charges at a sleeping victim and punches her will not have committed an assault if the unconscious victim had no fear of being punched.

3

alleges no facts about any emotional or physical harm from *any* source, and says nothing about emotional or physical harm that Bamberger caused. In response, Nwanguma says only this: "Ms. Nwanguma clearly and specifically alleged that she suffered physical injuries, emotional distress, humiliation, and mental anguish as a consequence of Bamberger's conduct in ¶ A of her Complaint's Demand for Relief." [Dism. Resp. at 3.] But a "demand for relief" merely sets out what a plaintiff hopes to recover from a lawsuit; it does not allege facts warranting that relief. Instead, the body of the complaint must provide the factual and theoretical basis for relief, and the jurisdictional basis for recovery in the chosen forum.[2] Even then, the cited paragraph *does not* "clearly and specifically alleg[e]" that Ms. Nwanguma "suffered" various injuries; on the contrary, in that paragraph all Plaintiffs ask that "the Court award compensatory damages to them as against all Defendants for physical injuries, emotional distress, humiliation, and mental anguish[.]" [Complaint, Demand for Relief, ¶ A.] In other words, that paragraph merely asks the Court to award damages from all Defendants to all Plaintiffs. Aside from its generic overbreadth, it does not allege that Nwanguma was injured, and does not allege that Bamberger caused any injury.

---

[2] Were it otherwise, a complaint could simply say "I'm the plaintiff and you're the defendant," then — in the demand for relief — seek "compensatory damages for your breach of contract."

4

## **CONCLUSION**

For all these reasons, and those contained in Bamberger's opening brief, the Court should grant Bamberger's motion to dismiss, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

        Respectfully submitted,

*/s/ Stephen B. Pence*
STEPHEN B. PENCE
PENCE & WHETZEL, PLLC
9300 Shelbyville Road, Suite 1205
Louisville, KY 40223
(502) 736-6200
steve@pencelegal.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 21, 2016, I electronically filed this document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel J. Canon
David N. Ward
Gregory A. Belzley
Camille Bathurst
R. Kent Westberry

I further certify that, on July 21, 2016, I served this document upon the *pro se* defendant, by mailing a copy, first-class postage prepaid, to:

Matthew Warren Heimbach
222 Mable Street, Apt. 2
Paoli, IN 47454

>*/s/ Stephen B. Pence*
>STEPHEN B. PENCE
>PENCE & WHETZEL, PLLC
>9300 Shelbyville Road, Suite 1205
>Louisville, KY 40223
>(502) 736-6200
>steve@pencelegal.com
>
>*Counsel for Defendant*