UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KASHIYA NGWANGUMA, et al. | ) |
| Plaintiffs | ) |
| v. | ) CASE NO. 3:16cv-247-DJH |
| DONALD J. TRUMP, et al. | ) *Electronically filed* |
| Defendants | ) |

### **ANSWER AND CROSS-CLAIM**

The Defendant, Alvin Bamberger (Bamberger), answers the Plaintiffs' complaint as follows:

### **First Defense**

1. The complaint fails to state a claim against Bamberger upon which relief can be granted.

### **Second Defense**

Bamberger answers the numeric paragraphs of the complaint as follows:

2. Bamberger admits the allegations contained in ¶¶ 1, 2, 12, 13, 29, 30, 32, 80, 82, 103, 104, and 106 of the complaint.

3. Bamberger lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 3, 4, 5, 6, 7, 8, 9, 10, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 78, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 105, 107, 108, 109, 110, 111, 112,

113, 114, 115, 117, 118, 119, 120, 121, 122, 123 and 125 of the complaint, and therefore denies those allegations.

4.  Answering ¶ 11 of the complaint, Bamberger states that his political views — like those of most people — are too complex and nuanced to be summed up in a single sentence. To the extent that the complaint seeks to do so in ¶ 11, Bamberger denies the truth of the allegation.

5.  Answering ¶¶ 48, 50, and 73 of the complaint, Bamberger admits only that he touched a woman, denies that he assaulted that woman, lacks knowledge or information sufficient to form a belief as to the woman's identity, and denies the characterization of his actions as "most aggressive" or "shoving … and striking."

6.  Answering ¶ 74 of the complaint, Bamberger admits only that he wore a hat associated with the Korean War Veterans Association (KWVA).

7.  Answering ¶¶ 75, 76, 77, and 79 of the complaint, Bamberger admits only that he wrote a letter as described, and states that the letter's content speaks for itself.

8.  Paragraphs 96, 99, 102, 116, and 124 of the complaint merely repeat and incorporate allegations made elsewhere, and thus require no separate answer. To the extent that these paragraphs require separate answer, Bamberger repeats and incorporates by reference his answers to the specific numbered paragraphs.

9.  Bamberger denies the allegations contained in ¶¶ 97, 98, 100, and 101 of the complaint.

### Third Defense

10. The Plaintiffs, Molly Shah (Shah) and Henry Brousseau (Brousseau), have not asserted any facts involving Bamberger, and thus cannot proceed in any claims against Bamberger.

### Fourth Defense

11. The Defendant, Kashiya Ngwanguma (Ngwanguma), has not asserted that Bamberger's actions injured her, and thus cannot recover for any injuries she suffered.

### Fifth Defense

12. If Ngwanguma suffered any injuries, which Bamberger denies, those injuries resulted from actions by other persons not under Bamberger's control.

### Sixth Defense

13. Ngwanguma's allegations against Bamberger do not rise to the level sufficient to support the award of punitive damages.

### Seventh Defense

14. Ngwanguma's claim for punitive damages is barred, in whole or in part, by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

### CROSS-CLAIM

Bamberger states his cross-claim against Donald J. Trump (Trump), and Donald J. Trump for President, Inc. (Trump Campaign), as follows:

1. This Court has jurisdiction over Bamberger's cross-claim, and venue is proper, to the same extent that the Court has jurisdiction, and venue is proper, over the Plaintiffs' claims.

2. Throughout the 2016 presidential campaign, Trump and/or the Trump Campaign repeatedly urged people attending Trump political rallies to remove individuals who were voicing opposition to Trump's candidacy (the protesters).

3. Indeed, at one or more campaign rallies, Trump and/or the Trump Campaign promised to pay the legal fees of those who — following Trump's urgings — removed the protesters.

4. At the Louisville political rally at issue in this lawsuit, Trump and/or the Trump Campaign urged people attending the rally to remove the protesters.

5. Bamberger had no prior intention to act as he did. Bamberger would not have acted as he did without Trump and/or the Trump Campaign's specific urging and inspiration.

6. To the extent that Bamberger acted, he did so in response to — and inspired by — Trump and/or the Trump Campaign's urging to remove the protesters.

7. If Bamberger is adjudged liable to Ngwanguma for his actions, Trump and/or the Trump Campaign should be adjudged liable to Bamberger in an equal sum, because Trump and/or the Trump Campaign urged and inspired Bamberger to act as he did.

## REQUEST FOR RELIEF

FOR THESE REASONS, having fully answered, Bamberger requests the following relief:

1. Dismissal of all claims asserted by Shah and Brousseau;

2. Dismissal of Ngwanguma's claims for failure to state a claim upon which relief can be granted;

      3.      In the alternative, judgment in his favor on Ngwanguma's claims against him;

      4.      In the alternative, if Ngwanguma obtains a judgment against Bamberger, Bamberger should obtain a judgment on his cross-claim, in an equal sum, against Trump and/or the Trump Campaign;

      5.      Recovery of his litigation costs; and

      6.      All other relief to which he may be entitled.

      Respectfully submitted,

*/s/ Stephen B. Pence*
STEPHEN B. PENCE
PENCE & WHETZEL, PLLC
9300 Shelbyville Road, Suite 1205
Louisville, KY 40223
(502) 736-6200
steve@pencelegal.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on April 14, 2017, I electronically filed this document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel J. Canon
David N. Ward
Gregory A. Belzley
Camille Bathurst
R. Kent Westberry

I further certify that, on April 14, 2017, I served this document upon the *pro se* defendant, by mailing a copy, first-class postage prepaid, to:

Matthew Warren Heimbach
222 Mable Street, Apt. 2
Paoli, IN 47454

*/s/ Stephen B. Pence*
STEPHEN B. PENCE
PENCE & WHETZEL, PLLC
9300 Shelbyville Road, Suite 1205
Louisville, KY 40223
(502) 736-6200
steve@pencelegal.com

*Counsel for Defendant*