UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KASHIYA NWANGUMA, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 3:16-cv-247 |
| v. ) | Judge David J. Hale |
| ) | Magistrate Judge H. Brent Brennenstuhl |
| DONALD J. TRUMP, PRESIDENT ) | |
| OF THE UNITED STATES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

*Filed Electronically*

### DEFENDANTS DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, AND DONALD J. TRUMP FOR PRESIDENT, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE CROSS CLAIMS OF DEFENDANTS ALVIN BAMBERGER AND MATTHEW HEIMBACH

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss the cross claims against Donald J. Trump and Donald J. Trump for President, Inc. (the Trump Defendants) brought by Defendants Alvin Bamberger and Matthew Heimbach. Both men seek to pass the blame (and liability) to the Trump Defendants, because Mr. Trump "inspired" them (Bamberger's word) to engage in violence. But this Court has already held that the Trump Defendants are not vicariously liable for the actions of Bamberger and Heimbach.

Nothing Bamberger or Heimbach says in their cross claims alters this Court's conclusion, because they do not allege any facts showing an agency relationship. The only information either man adds is that they were supposedly inspired by Mr. Trump or relying on Mr. Trump's "expertise" (Heimbach's word) in committing the alleged torts. One cannot be vicariously liable for merely inspiring others. And because the Trump Defendants cannot be held liable for the torts

Bamberger and Heimbach are alleged to have committed, the Trump Defendants cannot be required to indemnify the other Defendants. *York v. Petzl Am., Inc.*, 353 S.W.3d 349, 354-55 (Ky. Ct. App. 2010). Because Bamberger's and Heimbach's cross claims fail as a matter of law, they should be dismissed. *See* Fed. R. Civ. P. 12(b).

## BACKGROUND

When Plaintiffs filed their complaint, among their claims against the Trump Defendants was that the Trump Defendants were vicariously liable for the actions of Defendants Bamberger and Heimbach. Plaintiffs claimed that Bamberger and Heimbach "intentionally … made numerous offensive and/or harmful contacts" with Plaintiffs and "intentionally … caused Plaintiffs to experience apprehension and fright of an immediate harmful and/or offensive contact." Cmplt. ¶¶ 97, 100. Plaintiffs asserted that the Trump Defendants were vicariously liable for these alleged assaults and batteries. But this Court dismissed Plaintiffs' vicarious liability claim, holding "Plaintiffs' conclusory assertions that 'Heimbach, Bamberger, and Unknown Defendant were acting as agents' of the Trump defendants and that the campaign is vicariously liable for the actions of Trump and his agents [were] insufficient without supporting factual allegations." (D.N. 27, PageID # 278 (citation omitted)).

Following this Court's ruling, Bamberger and Heimbach filed cross claims against the Trump Defendants. (D.N. 30 (Bamberger); D.N. 32-1 (Heimbach)).

**Bamberger's Cross Claim.** Bamberger asserts that he "would not have acted as he did without Trump and/or the Trump Campaign's specific urging and inspiration." (D.N. 30, Page ID # 316, ¶ 5). And because he acted "in response to" "Trump and/or the Trump Campaign's urging to remove the protesters," Mr. Bamberger asks that if he is found "liable to Nwanguma for his

actions" the Trump Defendants "should be adjudged liable to Bamberger in an equal sum." (*Id.* ¶¶ 6-7).

**Heimbach's Cross Claim.** Heimbach asserts that he "relied on TRUMP"s [sic] reputation and expertise in doing the things alleged" and "relied on TRUMP's authority to order disruptive persons removed." (D.N. 32-1, Page ID # 351, ¶ 149). Heimbach then claims the Trump Defendants "were negligent in the exercise of their legal authority." In the end, Heimbach "requests that he be indemnified by the TRUMP DEFENDANTS." (*Id.* ¶ 151).

## STANDARD OF REVIEW

A complaint must be dismissed when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim should be dismissed if it asserts a legal theory that is not cognizable as a matter of law, or if it fails to state sufficient facts to establish a legally recognized claim. *See Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015). While the court accepts all well-pleaded factual allegations as true, *Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## ARGUMENT

Neither Bamberger's nor Heimbach's cross claim states a claim upon which relief can be granted. This Court has already concluded as a matter of law that as alleged in Plaintiffs' complaint, Bamberger and Heimbach were not the Trump Defendants' agents. And nothing Bamberger or Heimbach say in their filings changes that conclusion. The only thing Bamberger and Heimbach add is that they were supposedly "inspired by" or "relied on" Mr. Trump in deciding

to do what they did. But even if those allegations are true, there is no vicarious liability (that is, no agency relationship arises from) inspiring or urging people to do something. Thus, because the Trump Defendants are not vicariously liable for any actions committed by Bamberger and Heimbach, the Trump Defendants are not required to indemnify Bamberger and Heimbach for the torts they committed.

Indemnity arises "only where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is nevertheless, thereby exposed to *liability*." *Nally v. Boop,* 428 S.W.2d 607, 609 (Ky. Ct. App. 1968). Thus, "it is a well-established principle that one cannot be required to indemnify if one is not liable." *York*, 353 S.W.3d at 354; *see also Renaissance/Valley Farms, LLC v. T & C Contracting, Inc.*, 614 F. App'x 805, 817 (6th Cir. 2015). On this point, *York* is instructive. 353 S.W.3d 349. In that case, after falling during a rappelling exercise, a firefighter sued the harness manufacturer and the trainers. The manufacturer "filed cross-claims against [the trainers] seeking indemnity." *Id.* at 351. The appellate court, however, rejected the indemnity claim, explaining that "taking every allegation in [the manufacturer's] cross-claim as true, the fact remains that no agency or quasi-agency relationship existed between the parties." *Id.* at 354. The trainers were thus not responsible for indemnifying the manufacturer.

The same held true in *ARA Services, Inc. v. Pineville Community Hospital*, where one defendant (the Hospital) sued the other (ARA) for indemnification arising out of a negligence claim brought by a worker. 2 S.W.3d 104, 106 (Ky. Ct. App. 1999). The court concluded that because ARA was not liable for the plaintiff's injuries, "there can be no indemnity." *Id.* The court so held, even though ARA had signed a contract agreeing to indemnify the Hospital. *Id.*; *see also Mem'l Sports Complex, LLC v. McCormick*, 499 S.W.3d 700, 703 (Ky. Ct. App. 2016) ("Under

the alleged facts Memorial is the primary cause of the injury and, thus, not entitled to indemnification from third parties.").

This Court has already concluded that on the basis of Plaintiff's allegations, the Trump Defendants are not vicariously liable for Bamberger's and Heimbach's actions. This Court explained that "[a]gency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." (D.N. 27, PageID # 277 (quoting *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 50 (Ky. 2003)). And the Court found that Plaintiffs "fail[ed] to allege" the "most critical element in determining whether an agency relationship exists," which is the "alleged principal's 'right to control' the agent's conduct." (*Id.* (quoting *Phelps*, 103 S.W.3d at 50)). It was not enough to allege "that 'Trump told people to do something' and '[t]hey did it,' as Plaintiffs assert." (*Id.* PageID # 278 (quoting Cmplt.). Because there were no facts to suggest the Trump Defendants' had control over Bamberger or Heimbach, the Trump Defendants could not be held vicariously liable for Bamberger and Heimbach's actions.

Nothing Bamberger or Heimbach allege in their filings change this Court's conclusion on vicarious liability. Neither Defendant provides any facts to suggest that the Trump Defendants had a "right to control" Bamberger or Heimbach. The only remotely relevant allegation Bamberger adds is that he was "inspired" by or "urged" by Mr. Trump. (D.N. 30, Page ID # 316, ¶ 5). Heimbach echoes that sentiment. (D.N. 32-1, Page ID # 351 ¶ 149). But those allegations do not establish agency for two independent reasons.

*First*, there still is no allegation (by Plaintiffs or Bamberger or Heimbach) that Mr. Trump told audience members to *harm* Plaintiffs. Indeed, the only allegation on this point is that Mr.

Trump said "Don't hurt them." (Compl. ¶ 34). Thus, it is implausible that Mr. Trump "inspired" Bamberger or Heimbach to engage in violence.

*Second*, even accepting that one could reasonably interpret Mr. Trump's statement to "get [the protesters] out of here" as inspiration to engage in violence, that does not make the Trump Defendants vicariously liable for the actions of audience members. Take *Kavanagh v. Trustees of Boston University*, where a basketball player punched another one during a game. 795 N.E.2d 1170, 1173 (Mass. 2003). In addition to suing the attacker, the victim sued the coach, alleging the coach was vicariously liable because he "inspire[d]" the attack through his aggressive coaching. *Id.* at 1179. The court rejected that claim, explaining, "The mere possibility that some players might overreact to such inspiration or encouragement should not, by itself, suffice to impose liability on a coach." *Id.*

The same is true here. Even if Bamberger and Heimbach felt "inspired" by Mr. Trump's statement, that does not render the Trump Defendants liable for what Bamberger and Heimbach did. As this Court explained in dismissing Plaintiffs' vicarious liability claim, even if "'Trump told people to do something' and '[t]hey did it'" that is not enough to establish vicarious liability. (D.N. 27, PageID # 277). And because Defendants have not alleged facts that would render the Trump Defendants vicariously liable, Bamberger and Heimbach cannot prevail on their claims for indemnification. *York*, 353 S.W.3d at 354.[*]

---

[*] To the extent Heimbach is raising some sort of negligence claim, it fails for the same reason. Because Heimbach has not established that he was an agent of the Trump Defendants, he cannot assert a claim for indemnification based on his "reliance" on Trump's statements. Moreover, because it is alleged Heimbach committed an intentional tort, *he* would be legally required to indemnify any defendant who was found negligent, not the other way around. *Crime Fighters Patrol v. Hiles*, 740 S.W.2d 936, 940-41 (Ky. 1987) (holding that a restaurant found liable for negligently failing to prevent an assault, was entitled to indemnity from the assailant).

Finally, this Court's conclusion that Plaintiffs have alleged viable claims against the Trump Defendants for incitement and negligence (*see* D.N. 27, PageID # 289) does not salvage Bamberger's and Heimbach's indemnity claims. That is because Bamberger and Heimbach were indisputably the "primary, efficient and direct cause" of Plaintiffs' injuries. *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 187 (Ky. Ct. App. 1949). They are thus not entitled to indemnity.

As the Kentucky Supreme Court has explained, outside the agency context, indemnity can arise "where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed *was the primary and efficient cause of the injury*." *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934). Take *Brown Hotel*, 224 S.W.2d 165. There a pedestrian was injured by a manhole cover on a hotel's property. While the hotel was held liable because the injury occurred on its property, the hotel was entitled to "indemnity against the fuel company, whose employee had left the lid unsecured after unloading a delivery of coal into the manhole." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000) (explaining and approving *Brown Hotel*). That is because "the active wrongdoer" is the one who "can be compelled to make good to the other any loss he sustained." *Brown Hotel*, 224 S.W.2d at 167; *see also* RESTATEMENT (FIRST) OF RESTITUTION § 97 (explaining "[a] person whose negligent conduct combined with the reckless or intentionally wrongful conduct of another has resulted in injury for which both have become liable in tort to a third person is entitled to indemnity from the other …."). Indemnity does not work the other way around.

There can be no debate that, as alleged, Bamberger and Heimbach are the primary wrongdoers in this case. They are the ones alleged to have engaged in violence and who directly

caused Plaintiffs' alleged injuries. Thus, even if the Trump Defendants were separately liable to the Plaintiffs under different liability theories, because Bamberger and Heimbach were the primary cause of any alleged injury, neither Bamberger nor Heimbach are entitled to indemnity from the Trump Defendants. This Court should thus dismiss their cross claims.

## CONCLUSION

The Court should grant the Trump Defendants' motion to dismiss the cross claims filed by Bamberger and Heimbach.

Dated: May 5, 2017

Respectfully submitted,

  /s R. Kent Westberry
R. Kent Westberry
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Tel: (502) 589-7616
Fax: (502) 589-2119
Email: kwestberry@landrumshouse.com

and

Michael Carvin (*admitted hac motion vice*)
Anthony Dick (*admitted hac motion vice*)
Andrew Bentz (*admitted hac motion vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-7643
Fax: (202) 626-1700
Email: macarvin@jonesday.com

*Counsel for Donald J. Trump, President of the United States,
and Donald J. Trump for President Inc.*