**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| KASHIYA NWANGUMA, et al., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 3:16-cv-247-DJH |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, AND DONALD J. TRUMP FOR PRESIDENT, INC.'S OBJECTION TO THE MAGISTRATE JUDGE'S DENIAL OF THEIR MOTION TO STAY DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 72(b), Defendants Donald J. Trump, President of the United States, and Donald J. Trump for President, Inc. (together, "the Trump Defendants") object to the Magistrate Judge's denial of their motion to stay discovery pending this Court's resolution of the Trump Defendants' motion under 28 U.S.C. § 1292(b) for the Court to amend its Memorandum Opinion and Order filed March 31, 2017 (D.N. 27) to certify the Order for interlocutory appeal. (D.N. 36.) That certification motion raises the controlling legal questions of whether the First Amendment protects Mr. Trump's campaign speech as a matter of law and whether the First Amendment precludes holding a speaker liable for negligently causing others to engage in violence. Briefing on that motion is scheduled to be complete May 24, 2017.

On May 8, 2017, the Trump Defendants moved the magistrate to stay discovery pending this court's ruling on the certification motion. The magistrate denied that motion in a telephone conference and directed the parties to proceed as though this Court were going to deny the certification motion. (*See* D.N. 41.) Immediately following the magistrate's order, Plaintiffs'

counsel requested dates to depose the President of the United States. Then on May 22, 2017, after the parties' scheduling conference with the magistrate, the magistrate ordered discovery to proceed, with the initial disclosures due May 30, the first round of written discovery due in mid-June, and briefing on whether Plaintiffs can depose the President to begin July 17, 2017. D.N. 45.

The recent scheduling order brings to sharp relief that this Court's intervention is required. Before plunging into potentially unnecessary discovery, this Court should have the opportunity to decide the Trump Defendants' motion to certify. That motion, which has not even been fully briefed, raises threshold legal issues. By denying the stay, the magistrate's order jeopardized this Court's ability to provide effective judicial review of the motion to certify. Proceeding with discovery while this Court is considering the certification motion could undermine this Court's eventual decision to certify, because once discovery as to the Trump Defendants begins, the damage to First Amendment rights will be realized. This danger is all the more real in this case because it involves the sitting President of the United States. "The high respect that is owed to the office of the Chief Executive … is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). As the Court explained in *Clinton*, before permitting discovery to go forward against a sitting President, legal issues in the case "merit [a court's] respectful and deliberate consideration." *Id.* at 690. The magistrate's failure to stay discovery hampers this Court's ability to give the certification motion the attention it deserves and thereby imperils core speech freedoms. This Court should thus stay discovery while it considers the certification question.

# ARGUMENT

It is well established that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In determining whether delaying discovery is appropriate, courts "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of the discovery." *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014). The Court must "give more weight to interests that have a distinctively social value than to purely private interests." *Heartland Jockey Club Ltd. v. Penn Nat'l Gaming, Inc.*, 2009 WL 5171829, at *3 (S.D. Ohio Dec. 21, 2009). This is all the more important when the case involves the President of the United States. *Cheney v. Dist. Ct. for the Dist. Ct. of Columbia*, 542 U.S. 367, 385 (2004) ("An important factor … is the burden imposed by the discovery orders."). And, of course, a court also considers "economy of time and effort for itself." *Glazer v. Whirlpool Corp.*, 2008 WL 4534133, at *1 (N.D. Ohio Oct. 6, 2008) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). At bottom, whether to stay discovery involves a "pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings." *Romar Sales Corp. v. Seddon*, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013).

The Sixth Circuit has repeatedly recognized that a stay of discovery is "appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003); *see also Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 643 (6th Cir. 2005) ("[D]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").

Accordingly, district courts in this circuit have stayed discovery when faced with motions raising dispositive legal issues, because "there is a possibility [that] disposition of the [m]otion will render discovery moot." *Klein Steel Servs. Inc. v. Sirius Prot., LLC*, 2014 WL 923178, at *1 (E.D. Mich. Mar. 10, 2014); *see also, e.g.*, *Williams v. Scottrade, Inc.*, 2006 WL 1722224, at *1-2 (E.D. Mich. June 19, 2006); *Victoria's Secret*, 2014 WL 1045994, at *2-3. And courts have found that delaying discovery pending resolution of threshold motions typically "will not significantly prejudice the Plaintiff" when "[t]he action has not progressed beyond the early stages of litigation." *Glazer*, 2008 WL 4534133, at *2; *accord Victoria's Secret*, 2014 WL 1045994, at *2.

The recent amendments to the Federal Rules further confirm that a stay of discovery is warranted here. Chief Justice Roberts has emphasized that these amendments are "a big deal" that "make express the obligation of judges and lawyers to work cooperatively in controlling the expense and time demands of litigation," and that highlight "the crucial role of federal judges in engaging in early and effective case management." 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY 5-7, *available at* https://goo.gl/Rpoqmp. To begin, amended Rule 26(b)(1), which defines the scope of discovery, has been revised to limit discovery to that which is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The committee note to amended Rule 26 also now imposes upon "[t]he parties and the court … a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Similarly, Rule 1 was recently revised to expressly include "the parties," in addition to "the court," within its

mandate that the Rules "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."

These principles confirm that a brief stay while this Court considers the certification motion is in order here. With initial disclosures imminently due, written discovery quickly following, and the prospect of deposing the President not far off, this Court may feel the need to issue a ruling on the certification motion in haste, because once discovery occurs the chilling of speech will have already occurred. Wrongly subjecting a speaker to the burdens of discovery and trial infringes upon his free-speech rights even if he ultimately prevails. *See Myers v. Plan Takoma, Inc.*, 472 A.2d 44, 50 (D.C. 1983). Unless and until the appeals court decides that the statement "Get 'em out of here" is *not* protected by the First Amendment, the President of the United States should not have to incur the substantial burden of discovery.

The fact that the speaker at issue in this case is the President also counsels in favor of a stay. The Supreme Court has recognized that "[t]he high respect that is owed to the office of the Chief Executive … is a matter that should inform the conduct of the entire proceeding, including the *timing* and scope of discovery." *Clinton*, 520 U.S. at 707 (emphasis added). And because the certification motion raises threshold legal issues, those issues "merit [the court's] respectful and deliberate consideration." *Id.* at 690. If discovery is not stayed, this Court may be unable to afford the certification motion the deliberate consideration it deserves. Further, this Court should avoid the substantial burden of refereeing the inevitable disputes that may otherwise needlessly arise, disputes the Court may have to settle while at the same time considering the certification motion. The substantial discovery requests potentially involved, particularly given Plaintiffs' insistence on deposing the President of the United States, will inevitably give rise to disputes requiring this Court's resolution. This Court should not take on that burden and responsibility or

impose them on the magistrate judge until the Court has fully considered the certification motion and decided whether those legal issues merit appellate consideration.

Finally, whereas ongoing discovery while the motion to certify remains pending will impose a substantial burden on the Trump Defendants and society at large because this case is directed at the President of the United States, staying discovery for a brief period at the outset of the litigation would not inflict any meaningful or unjustified hardship on Plaintiffs. This case is still in its infancy. Answers were only filed a few weeks ago and the initial case management conference occurred just days ago. Courts recognize that a brief stay of discovery pending resolution of threshold motions typically "will not significantly prejudice the Plaintiff" when "[t]he action has not progressed beyond the early stages of litigation." *Glazer*, 2008 WL 4534133, at *2; *accord Victoria's Secret*, 2014 WL 1045994, at *2. This is especially true in a case like this one where there are video recordings of the incidents in question posted online, meaning loss of evidence or fading of memories do not present a problem.

But even if a brief stay of discovery would inconvenience Plaintiffs, the Court must "give more weight to interests that have a distinctively social value than to purely private interests." *Heartland Jockey Club*, 2009 WL 5171829, at *3. "This is not a routine" case. *Cheney*, 542 U.S. at 385 (2004). Not only does this case raise important First Amendment questions that affect the speech rights of countless Americans, it also affects "the public interest" in ensuring the President can "devote his undivided time and attention to his public duties." *Clinton*, 520 U.S. at 697. "[B]ecause of the singular importance of the President's duties, diversion of his energies by concern with private lawsuits . . . raise[s] unique risks to the effective functioning of government." *Id.* at 694 n.19 (citation omitted). The confluence of the public's interest in

preserving core speech freedoms and the public's interest in ensuring the President can effectively run the government thus outweighs any burden a brief stay may impose on Plaintiffs.

## CONCLUSION

The Court should overrule the magistrate's denial of the stay request and stay discovery pending this Court's resolution of the certification motion.

Dated: May 22, 2017

Respectfully submitted,

　/s R. Kent Westberry　
R. Kent Westberry
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Tel: (502) 589-7616
Fax: (502) 589-2119
Email: kwestberry@landrumshouse.com

and

Michael Carvin (*admitted hac motion vice*)
Anthony Dick (*admitted hac motion vice*)
Andrew Bentz (*admitted hac motion vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-7643
Fax: (202) 626-1700
Email: macarvin@jonesday.com

*Counsel for Donald J. Trump and Donald J. Trump for President Inc.*