UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KASHIYA NWANGUMA, et al.        )
                                )
    Plaintiffs                  )
                                )
v.                              )   CASE NO. 3:16cv-247-DJH
                                )
DONALD J. TRUMP, et al.         )   *Electronically filed*
                                )
    Defendants                  )
_____)

**RESPONSE TO TRUMP DEFENDANTS'
MOTION TO DISMISS CROSS-CLAIM**

The Defendant, Alvin Bamberger (Bamberger), has cross-claimed for indemnification against his co-Defendants, Donald J. Trump, and Donald J. Trump for President, Inc. (the Trump Defendants). The Trump Defendants cite familiar indemnification principles for the proposition that, because this Court has held that the Plaintiffs' allegations are insufficient to survive a claim that Bamberger acted as the Trump Defendants' legal agent, that lack of agency bars Bamberger's indemnification claim. [Memorandum in Support of Trump Defendants' Motion to Dismiss Cross-Claim (Trump CC Dism. Br.) at 6 (citing D.N. 27, Page ID # 277).] The argument misses what remains of the common law indemnification claim in the modern "apportionment" world, and must therefore be denied.

**I.**    **Applicable Legal Standard.**

To survive Rule 12(b)(6) dismissal, Bamberger need only allege facts that, accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when a [party] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of the Trump Defendants' motion, this Court must of course accept as true all well-pleaded facts alleged, *Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009), and the cross-claim's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. Bamberger's Cross-Claim is Sufficient to Assert an Indemnification Claim Against the Trump Defendants.

The Trump Defendants' argument against Bamberger's indemnification claim is straightforward enough: because this Court held that Bamberger did not act as the Trump Defendants' legal agent, and because Kentucky indemnification law — especially in the modern era, which requires apportionment of fault — is quite limited, Bamberger cannot meet the requisite elements for a common law indemnification claim. [*See* Trump CC Dism. Br. at 4-7 (citing cases).]

Indemnification is indeed limited, but it is not non-existent. *ISP Chemicals LLC v. Dutchland Inc.*, 771 F.Supp.2d 747 (W.D. Ky. 2011), described its contours:

> [T]he right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto."

*Id.*, 771 F.Supp.2d at 750 (quoting *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000)) (internal quotation marks omitted). Indemnity thus is permitted "where both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Id.* (quoting *Degener*, *id.*) (in turn quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77

2

S.W.2d 36, 39 (Ky. 1934)). Thus, "indemnity is available for those who are only constructively or secondarily liable to a plaintiff." *Id.* (quoting *Degener*, 27 S.W.3d at 781).

Here, modern apportionment law already provides for the allocation of fault, if any, among the several defendants; indeed, the Trump Defendants do not argue otherwise. *See Degener*, 27 S.W.3d at 780 ("apportionment of liability arose from statutory provisions permitting contribution and several liability among joint tortfeasors in pari delicto. It has no application to the common law right of a constructively or secondarily liable party to total indemnity from the primarily liable party with whom he/she is not in pari delicto.")

Apportionment thus governs the allocation of blame if Bamberger and the Trump Defendants are in pari delicto. But, if they are not — as this Court's conclusion about agency strongly implies — then indemnification principles govern. And those principles require an assessment of whether Bamberger's actions — at least as the Plaintiffs allege them — make him "constructively or secondarily liable" to the Plaintiffs.

Let's be clear about the factual allegations. This isn't about a brutal assault leaving permanent injuries. It isn't about broken bones and lifelong disability. It's about whether individuals — inspired by a provocative Presidential candidate's call to "get them out of here" — pushed and shoved protesters out of a political rally. And, as to that sequence of events, whether Bamberger's conduct (if proven) makes him "primarily liable" or "constructively or secondary liable" to the Plaintiffs, *ISP Chemicals LLC v. Dutchland Inc.*, 771 F.Supp.2d at 750, is entirely a question of fact.

For these reasons, whether Bamberger is entitled simply to apportionment with his co-Defendants, or whether he is entitled to common law indemnification, hinges entirely on a jury's view of the facts. Because this Court must construe those facts in Bamberger's favor, it must deny the Trump Defendants' motion to dismiss the cross-claim.

                                                      Respectfully submitted,

                                                      */s/ Stephen B. Pence*
                                                      STEPHEN B. PENCE
                                                      PENCE & WHETZEL, PLLC
                                                      9300 Shelbyville Road, Suite 1205
                                                      Louisville, KY 40223
                                                      (502) 736-6200
                                                      steve@pencelegal.com

                                                      *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on May 26, 2017, I electronically filed this document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel J. Canon
David N. Ward
Gregory A. Belzley
Camille Bathurst
R. Kent Westberry

I further certify that, on May 26, 2017, I served this document upon the *pro se* defendant, by mailing a copy, first-class postage prepaid, to:

Matthew Warren Heimbach
222 Mable Street, Apt. 2
Paoli, IN 47454

*/s/ Stephen B. Pence*
STEPHEN B. PENCE
PENCE & WHETZEL, PLLC
9300 Shelbyville Road, Suite 1205
Louisville, KY 40223
(502) 736-6200
steve@pencelegal.com

*Counsel for Defendant*