**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| KASHIYA NWANGUMA, et al., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 3:16-cv-247-DJH |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

### DEFENDANTS DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, AND DONALD J. TRUMP FOR PRESIDENT, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE CROSS CLAIMS OF DEFENDANTS ALVIN BAMBERGER AND MATTHEW HEIMBACH

As Defendants Donald J. Trump and Donald J. Trump for President, Inc. (the Trump Defendants) explained in their motion to dismiss, Defendants Alvin Bamberger and Matthew Heimbach cannot recover against the Trump Defendants on an indemnity theory. (D.N. 40 & 40-1, PageID # 390-99). Foremost, this Court has already concluded that there are no factual allegations to support an agency relationship, and neither Bamberger nor Heimbach have added any relevant factual allegations. Without agency, there can be no claim of indemnification here because the Trump Defendants are not liable for Bamberger's and Heimbach's actions. Further, because Bamberger and Heimbach were allegedly the primary cause of Plaintiffs' injuries (that is, Bamberger and Heimbach are the ones who allegedly assaulted Plaintiffs) they are not entitled to indemnity. Bamberger's response is at best unclear and at worst deeply confused as to the law of indemnity. Heimbach's response is nonexistent. The Trump Defendants' motion to dismiss the cross claims should be granted.

**Bamberger's response.** Bamberger does not contest the fact that this Court already concluded that there are no factual allegations establishing agency between the Trump Defendants and Bamberger. (D.N. 27, PageID # 278). And Bamberger makes no attempt to argue that his allegation that he felt "inspire[d]" by Mr. Trump's words give rise to agency (*see* D.N. 30, PageID # 316), which is understandable given this Court's previous conclusion that even if "'Trump told people to do something' and '[t]hey did it'" that is not enough to establish vicarious liability (D.N. 27, PageID # 277). *See also Kavanagh v. Trustees of Boston University*, 795 N.E.2d 1170, 1179 (Mass. 2003) ("The mere possibility that some players might overreact to such inspiration or encouragement should not, by itself, suffice to impose [vicarious] liability…."). Bamberger has thus conceded that there are no factual allegations to establish agency.

Bamberger's concession dooms his claim because "it is a well-established principle that one cannot be required to indemnify if one is not liable." *York v. Petzl Am., Inc.*, 353 S.W.3d 349, 354 (Ky. Ct. App. 2010); *see also Renaissance/Valley Farms, LLC v. T & C Contracting, Inc.*, 614 F. App'x 805, 817 (6th Cir. 2015). Since the Trump Defendants are not vicariously liable for Bamberger's actions, the Trump Defendants are not liable to Bamberger for indemnity.

In addition, Bamberger is not entitled to indemnity because he was the active wrongdoer. "[I]ndemnity is available for those who are only *constructively or secondarily* liable to a plaintiff." *ISP Chemicals LLC v. Dutchland, Inc.*, 771 F. Supp. 2d 747, 750 (W.D. Ky. 2011) (emphasis added). One "cannot be an 'active wrongdoer'" and "assert a claim for indemnity." *Id.* According to Plaintiffs' allegations, Bamberger is clearly the "active wrongdoer," because he is the one who engaged in violence.

Bamberger does suggest off-handedly that he may be "constructively or secondarily liable to the Plaintiffs" (D.N. 49, PageID # 465); but that proposition is belied by Plaintiffs' allegations

that Bamberger is the one who "began aggressively moving Nwanguma further through the crowd by shoving her and striking her" (Cmplt. ¶ 50). There can be no question that Bamberger (as alleged in the complaint) was the active wrongdoer and thus not entitled to indemnity.

In a final attempt to resuscitate his cross claim, Bamberger argues that "whether Bamberger is entitled simply to apportionment with his co-Defendants, or whether he is entitled to common law indemnification, hinges entirely on a jury's view of the facts." (D.N. 49, PageID # 466). Bamberger's discussion of apportionment is misplaced because "[u]nder Kentucky law, apportionment may no longer be raised as a substantive cause of action." *ISP Chemicals*, 771 F. Supp. 2d at 752. Thus, his claim can be for indemnity alone. And no matter how a jury may view the facts, Bamberger is not entitled to indemnity for the reasons just discussed.

**Heimbach's failure to respond.** Because Heimbach has not opposed the Trump Defendants' motion to dismiss, this Court should dismiss Heimbach's cross claim. *Mooneyham v. Equifax Info. Servs., LLC*, 99 F. Supp. 3d 720, 723 (W.D. Ky. 2015) ("An opposing party's failure to respond to a dispositive motion can be a basis for granting a motion to dismiss."); *see also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). As the Trump Defendants explained in their motion, Heimbach's indemnity claim fails out of the gate because there are no factual allegations of an agency relationship and Heimbach was the alleged active wrongdoer. (D.N. 40-1, PageID #396-97).

## CONCLUSION

The Court should grant the Trump Defendants' motion to dismiss the cross claims filed by Bamberger and Heimbach.

Dated: June 9, 2017

Respectfully submitted,

/s/ R. Kent Westberry
R. Kent Westberry
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Tel: (502) 589-7616
Fax: (502) 589-2119
Email: kwestberry@landrumshouse.com

Michael Carvin (*admitted hac motion vice*)
Anthony Dick (*admitted hac motion vice*)
Andrew Bentz (*admitted hac motion vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-7643
Fax: (202) 626-1700
Email: macarvin@jonesday.com

*Counsel for Donald J. Trump, President of the United States,
and Donald J. Trump for President Inc.*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2017, the foregoing was filed electronically through the Court's CM/ECF system, which electronically serves all counsel of record.

/s/R. Kent Westberry
*Counsel for Donald J. Trump, President of the United States and Donald J. Trump for President, Inc.*