# UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

Deborah S. Hunt  
Clerk

100 EAST FIFTH STREET, ROOM 540  
POTTER STEWART U.S. COURTHOUSE  
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000  
www.ca6.uscourts.gov

Filed: November 01, 2017

Ms. Camille Bathurst  
Mr. Gregory A. Belzley  
P.O. Box 278  
Prospect, KY 40059

Mr. Daniel J. Canon  
Mr. David N. Ward  
462 S. Fourth Street, Suite 101  
Louisville, KY 40202

Mr. Michael Anthony Carvin  
Mr. Anthony John Dick  
Mr. Vivek Suri  
Jones Day  
51 Louisiana Avenue, N.W.  
Washington, DC 20001

        Re: Case Nos. 17-510/17-5830, *In re: Donald Trump, et al*  
            Originating Case No. : 3:16-cv-00247

Dear Counsel,

  The attached order designated for full-text publication was filed today in this case.

                Yours very truly,

                Deborah S. Hunt, Clerk

                Cathryn Lovely, Opinions Deputy

cc: Ms. Vanessa L. Armstrong

Enclosure

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0249p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

IN RE: DONALD J. TRUMP; DONALD J. TRUMP FOR PRESIDENT, INC.,

     *Petitioners.*

Nos. 17-510/5830

---

**17-510**

On Petition for Permission to Appeal

**17-5830**

On Petition for a Writ of Mandamus

United States District Court for the Western District of Kentucky at Louisville.
No. 3:16-cv-00247—David J. Hale, District Judge.

Decided and Filed: November 1, 2017

Before: McKEAGUE and WHITE, Circuit Judges; HOOD, District Judge.*

---

**COUNSEL**

**ON PETITIONS:** Michael A. Carvin, Anthony J. Dick, Vivek Suri, JONES DAY, Washington, D.C., for Petitioners in 17-510 and 17-5830. **ON RESPONSE:** Gregory A. Belzley, BELZLEY BATHURST ATTORNEYS, Prospect, Kentucky, David N. Ward, CLAY DANIEL WALTON & ADAMS, PLC, Louisville, Kentucky, for Respondent in 17-510.

  McKEAGUE, J., delivered the order of the court in which WHITE, J. and HOOD, D.J., joined. WHITE, J. (pg. 7), delivered a separate concurring opinion.

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

McKEAGUE, Circuit Judge.  At a campaign rally in Louisville, Kentucky, on March 1, 2016, then-presidential candidate Donald J. Trump responded to protesters by stating, "Get 'em out of here," followed closely by, "Don't hurt 'em—if I say go 'get 'em,' I get in trouble with the press."  Apparently, the latter admonition either went unheeded or came too late.  Allegedly in response to Trump's initial statement, three protesters were assaulted by three Trump supporters.  Those three protesters, now plaintiffs in this action, filed a complaint in Kentucky state court against several defendants, including Trump.  Trump removed this action to federal district court.

The district court denied in part Trump's motion to dismiss, holding the complaint stated a plausible claim for "incitement to riot" under Kentucky law.[1]  Ordinarily, such an order is not appealable.  However, this petition comes to us under a well-established exception because the district court certified its order for interlocutory appeal under 28 U.S.C. § 1292(b).  Thus, the issue before us is whether, in our discretion, we should permit the appeal so that this court can consider the merits of the district court's order before the case proceeds.[2]  For the reasons that follow, we grant the petition for leave to appeal.

*****

The relevant statutory section provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).

---

[1] Originally, the district court held two claims were plausible: incitement to riot and negligence. However, the district court reconsidered and reversed its holding as to the negligence claim.

[2] Trump initially petitioned for a writ of mandamus, asking this court to dismiss the suit against him. While the mandamus petition was pending, the district court granted his motion to certify its order for interlocutory appeal.

The district court may certify an order for interlocutory appeal if it is "of the opinion" that three conditions exist: "[1] the order involves a **controlling question of law** to which there is [2] **substantial ground for difference of opinion** and . . . [3] **an immediate appeal may materially advance the termination of the litigation**." 28 U.S.C. § 1292(b) (emphases added).

This court has at times characterized these conditions as "requirements" *on appeal*, perhaps giving the wrong impression that we review the district court's *certification* of the conditions de novo. *See, e.g., In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). However, where, as here, the district court certifies its order and a timely petition follows,[3] we must decide whether to exercise our "discretion," as a *prudential* matter, to "permit an appeal to be taken from such order." 28 U.S.C. § 1292(b). Since "the district court has made an order, the three factors that justify interlocutory appeal should be treated as *guiding criteria* rather than *jurisdictional* requisites." 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2002) (emphasis added). These criteria, along with other prudential factors, guide our discretion to permit an appeal of the district court's order in this case.

1.  **Whether "the order involves a controlling question of law"**

The district court's order below involves a 1) "question of law" that is 2) "controlling." 28 U.S.C. § 1292(b).

First, "[t]he sufficiency of a complaint is a question of law." *Ctr. for Bio-Ethical Reform, Inc., v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). The district court's order holding that the allegations of the complaint stated a facially valid claim for "incitement to riot" under §§ 525.040 and 467.070 of the Kentucky Revised Statutes falls comfortably within the category of an "order [that] involves a . . . question of law." 28 U.S.C. § 1292(b); *see, e.g., Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1025 (6th Cir. 2001) (granting petition to hear interlocutory appeal after certification and affirming denial of motion to dismiss and partial

---

[3] While the district court's certification in certain places purported to certify a "question," "section 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*." *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (emphasis added); *see Yamaha Motor Corp, U.S.A. v. Calhoun*, 516 U.S. 199 (1996) ("As the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court."). Thus, if the petition is granted, we retain full discretion to review the district court's *order*.

motion for summary judgment). Further, the application and import of *Brandenburg v. Ohio*, 395 U.S. 444 (1969) are also questions of law.

Second, these questions of law—whether the complaint states a facially valid claim, and if so, whether the First Amendment applies to bar the claim here—are undoubtedly "controlling" because their resolution "could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351; *see, e.g.*, *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citing *Arizona v. Ideal Basic Indus.*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

### 2.　　Whether "there is substantial ground for difference in opinion"

The district court found that its order gives rise to "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). We agree.

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id*. We agree that "fair-minded jurists might reach contradictory conclusions." *Id*.

### 3.　　Whether "an immediate appeal may materially advance the termination of the litigation"

The petition "*may* materially advance the termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added). If a panel of this court were to find the complaint fails to state an incitement claim under Kentucky law or that *Brandenburg* applies to bar the claim, litigation would end. *See supra* note 3.

### 4.    Whether other prudential factors guide our discretion to "permit an appeal"

Finally, we pause to ask whether other factors support permitting an appeal of the district court's order.

Some prior case law suggests that review is only appropriate "in exceptional cases." *Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966). Whether this case so qualifies depends on how one conceptualizes "exceptional." Several cases certified for appeal do not immediately stand out in certain ways as "exceptional," *see, e.g.*, *Nw. Ohio Adm'rs*, 270 F.3d at 1018, but a panel in each case felt interlocutory review was appropriate.

While an interlocutory appeal from a denial of a motion to dismiss should not be granted cavalierly, we think this case is exceptional in many ways. As it stands, the President of the United States must answer for a state-law claim that presents a novel question. The practical and political consequences of such a case are readily apparent. Prior to certification, Plaintiffs apparently sought expansive discovery, encompassing the President's tax returns and medical records, and sought to take the President's deposition—in Kentucky. In the name of public policy, we have afforded at least as much caution in cases involving public officials, from police watchmen to presidential aides, for decades. *See Harlow v. Fitzgerald*, 457 U.S. 800, 813 (1982) (noting public policy mandates qualified immunity). While the president does not enjoy immunity under the circumstances presented here, an interlocutory appeal is hardly imprudent given the exceptional nature of this case.

Finally, petitions do not arise under 28 U.S.C. § 1292(b) *unless* the district court first certifies its order for an interlocutory appeal. In most cases, certified orders already stand out as "exceptional" by virtue of another Article III judge's opinion. District courts do not make a habit of certifying their own orders for interlocutory appeal. There is little risk that this order—read in its context—will open the floodgates.

In short, we are convinced that a panel of this court should ensure that the Kentucky claim rests on a solid footing before permitting litigation to continue. It may, or it may not.

*****

The petition for permission to appeal is **GRANTED**, and the mandamus petition is **DISMISSED AS MOOT**.

---

**CONCURRENCE**

---

HELENE N. WHITE, Circuit Judge, concurring.  I agree that the petition for leave to appeal should be granted because Petitioner President Trump has shown that the certified order meets the standards for granting interlocutory appeal.

I write separately to state that we should not use a published order granting leave as a vehicle to clarify or change the law as stated in a published opinion when no such clarification or development is necessary to address the petition for leave.

Further, I do not agree that orders certified for interlocutory appeal are intrinsically "exceptional" because they are rare, or that there is a presumption in favor of granting petitions for leave to appeal when "another Article III judge" certifies an order.  The fact that a district judge certified the order for interlocutory appeal is simply a necessary prerequisite present in all cases in which a petition is brought under 28 U.S.C. § 1292(b).

                                ENTERED BY ORDER OF THE COURT

                                Deborah S. Hunt, Clerk