UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KASHIYA NWANGUMA, et al.,                                                                  Plaintiffs,

v.                                                                      Civil Action No. 3:16-cv-247-DJH-HBB

DONALD J. TRUMP, et al.,                                                                   Defendants.

\* \* \* \* \*

# ORDER

Alvin Bamberger and Matthew Heimbach were involved in the violent removal of protestors at a March 2016 campaign rally for then-presidential candidate Donald J. Trump. The protestors—Kashiya Nwanguma, Molly Shah, and Henry Brousseau—sued Bamberger and Heimbach for assault and battery and Trump and the Trump campaign for incitement, alleging that Trump's command to "Get 'em out of here" prompted Heimbach, Bamberger, and other members of the crowd to react violently.[1]  (Docket No. 1-1)  The Court previously dismissed Plaintiffs' claim of vicarious liability, finding that the complaint did not adequately allege that Bamberger and Heimbach were agents of Trump or his campaign. (D.N. 27)

Bamberger and Heimbach each asserted a crossclaim against the Trump Defendants, alleging that they acted pursuant to Trump's instruction and thus are entitled to indemnity in the event they are found liable to Nwanguma, Shah, and Brousseau.  (D.N. 30, PageID # 316-17; D.N. 32-1, PageID # 349-51)  The Trump Defendants have moved to dismiss both counterclaims.  (D.N. 40)  Bamberger opposes the motion to dismiss.  (D.N. 49)  Heimbach did not respond.

---

[1] The complaint alleges that Heimbach "repeatedly shoved Nwanguma and shouted 'leftist scum' at her"; that "Bamberger began aggressively moving Nwanguma further through the crowd by shoving her and striking her"; and that Shah "was shoved hard from behind by . . . Heimbach." (D.N. 1-1, PageID # 12-13)  It also cites public acknowledgments by Bamberger and Heimbach that they were involved in removing Plaintiffs from the rally.  (*Id.*, PageID # 14-15)

1

Under Kentucky law, indemnity is available

> in two classes of cases: (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000) (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934)). The Trump Defendants maintain that there is no basis for indemnity here because Heimbach and Bamberger "were indisputably the 'primary, efficient and direct cause' of Plaintiffs' injuries." (D.N. 40-1, PageID # 398 (quoting *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 167 (Ky. 1949))) Bamberger responds that whether he is primarily or secondarily liable "is entirely a question of fact" and thus cannot be resolved at the motion-to-dismiss stage. (D.N. 49, PageID # 465)

As alleged, however, Bamberger and Heimbach clearly were the "primary and efficient cause of" Plaintiffs' injuries. The claims against them are assault and battery—intentional torts. (D.N. 1-1, PageID # 18-19) And "under Kentucky law, intentional tortfeasors are not entitled to indemnity." *McGraw-Hill Global Educ., LLC v. Griffin*, No. 5:14-CV-00042-TBR, 2014 WL 5500505, at *8 (W.D. Ky. Oct. 30, 2014) (citing *Compton v. City of Harrodsburg, Ky.*, No. 5:12-cv-302-JMH-REW, 2013 WL 5503195, at *2 (E.D. Ky. Oct. 2, 2013); *Hall v. MLS Nat'l Med. Evaluations, Inc.*, No. 05-185-JBC, 2007 WL 1385943, at *3 (E.D. Ky. May 8, 2007)). As set forth in the complaint, Bamberger and Heimbach were the "active wrongdoer[s]," regardless of who or what prompted them to act. *Degener*, 27 S.W.3d at 780 (quoting *Brown Hotel*, 224 S.W.2d at 167). They thus are not entitled to indemnity. *See Hall*, 2007 WL 1385943, at *4 (concluding "as a matter of law" that indemnity was unavailable to defendants "because the very nature of the plaintiff's intentional tort claims would preclude them from showing that [the third-

party defendant] was the active wrongdoer and they merely passive accomplices or bystanders" (emphasis removed)). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to dismiss the crossclaims of Bamberger and Heimbach (D.N. 40) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Matthew Heimbach and Alvin Bamberger as cross-claimants and Donald Trump and Donald J. Trump for President, Inc. as cross-defendants in the record of this matter.

September 19, 2018

**David J. Hale, Judge
United States District Court**

3